Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8516 | **DATE** | December 27, 2012 |
| **CASE TITLE** | Kenneth Mays (K99338) vs. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.00 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The case is dismissed as frivolous. 28 U.S.C. § 1915A(b)(1). The Clerk is instructed to enter a Rule 58 Judgment in favor of defendants against plaintiff. Plaintiff is notified that this is his third strike under 28 U.S.C. § 1915(g). *See Mays v. Dart*, No. 09 C 5376 (N.D. Ill. Oct. 15, 2009) (docket entry number 5); *Mays v. Dart*, No. 10 C 3335 (N.D. Ill. Aug. 4, 2010) (docket entry number 5). As explained in this order, he must comply with the requirements of *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999), and *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (per curiam).

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

*Pro se* plaintiff Kenneth Mays, a Pontiac Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and the initial review of the complaint pursuant to 28 U.S.C. § 1915A(a) (Dkt. No. 1).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is granted, in light of his inability to pre-pay the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A(a), the Court is required to conduct a prompt threshold review of the complaint and dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915A(b)(1), (2). The following facts are drawn from Plaintiff's proposed complaint (Dkt. No. 1), and are accepted as true (but see below) for purposes of this initial review,

## STATEMENT

and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (*per curiam*); and *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Plaintiff claims that he is the target of a government and private conspiracy to murder him. He names 33 defendants, including the Director of the Illinois Department of Corrections, Pontiac Correctional's warden, correctional staff, and attorneys who have worked on his civil and criminal cases. Plaintiff believes that the conspirators are angry at him because he was able to win a civil settlement in a prior federal civil rights lawsuit. He further claims that the conspirators wrongfully believe that he is an informant for former United States Attorney Patrick Fitzgerald and Chicago television reporter Linda Yu. The conspirators are allegedly poisoning his food, instructing correctional officers to fire shots at him, and directing fellow inmates to attack him with weapons.

Plaintiff's complaint must be dismissed because they are "essentially fictitious" claims. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962)) (internal quotation marks omitted); *see also Lee v. Clinton*, 209 F.3d 1025, 1025 (7th Cir. 2000). Plaintiff's claims are clearly "delusional," "unbelievable," and "obviously" false. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). To be sure, actionable government misconduct, when proven, has taken many forms, but Plaintiff's complaint tells a tale of a widespread conspiracy that is too fantastical to be believed.

For the foregoing reasons, this suit is dismissed as frivolous. Plaintiff is warned that, from now on, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury because this is his third strike under 28 U.S.C. § 1915(g). He previously earned his first two strikes in *Mays v. Dart*, No. 09 C 5376 (N.D. Ill. Oct. 15, 2009) (Pallmeyer, J.) (dismissed for failure to state a claim) (docket entry number 5), and *Mays v. Dart*, No. 10 C 3335 (N.D. Ill. Aug. 4, 2010) (Pallmeyer, J.) (dismissed for failure to state a claim) (also docket entry number 5 in that case). When filing any new suit in federal court, he must also alert the court that he has struck out under § 1915(g), and disclose all prior litigation history to the Court. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (per curiam); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the three prior strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and bar any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). The Court also notifies Plaintiff that, if he does choose to appeal, he will be liable for the $455 appellate filing fee, whether he prevails or not. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). And if the appeal is found to lack merit, Plaintiff might also accumulate another "strike."